## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANIEL C. MATTSON,

     Plaintiff,

        v.                              Case No.  23-cv-00287

DANIEL G. GUYETTE, individually and in his     Hon. Paul L. Maloney
official capacity as Dean of the College of
Fine Arts at Western Michigan University;
KEITH KOTHMAN, individually; the Director
of the School of Music at Western Michigan
University; and the President of Western
Michigan University,

     Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), the parties, by and through their respective counsel, agree and stipulate to the entry of the following Protective Order for the protection of Confidential Information (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by or on behalf of any party or non-party.  The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of discovery materials in this Litigation:

1.     **Applicability of Order.**  This Order will be applicable to and govern the handling of documents, depositions, deposition exhibits, deposition videos, interrogatory responses, responses to subpoenas, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure

1

by or from, or produced on behalf of a party in connection with the Litigation (this information

hereinafter referred to as "Discovery Material").

2.     **Confidential Information.**   For purposes of this Protective Order, Confidential

Information is:

a.     All trade secrets, financial records, private contractual agreements, business
records,  research,  design,  development,  technical,  or  other  proprietary
and/or confidential information of Western Michigan University;

b.     All  tax,  financial,  healthcare,  or  personally  identifiable  information  of  a
sensitive  nature  of  Plaintiff,  of  Defendants,  or  of  any  current  or  former
employee of or student at Western Michigan University.

3.     **Documents.**   Any document or thing that a party reasonably and in good faith

believes to contain Confidential Information may be produced by that party with the clear and

obvious designation "CONFIDENTIAL."

4.     **Deposition  Testimony.**   A  party  may  designate  testimony,  documents,

information, or things disclosed at a deposition as "CONFIDENTIAL" on the record during the

deposition or, within 21 days of receiving the deposition transcript, by notifying all parties in

writing  of  the  specific  item  so  designated  or  the  lines  and  pages  of  the  transcript  that  are

"CONFIDENTIAL."

4.1.    If a party designates such materials as "CONFIDENTIAL" on the record, the court

reporter  shall  indicate  on  the  cover  page  of  the  transcript  that  the  transcript  includes

"CONFIDENTIAL" information, and shall list the pages and line numbers and/or exhibits

of the transcript on or in which such information is contained.  Further, during the period

in  which  such  "CONFIDENTIAL"  information  is  discussed  during  the  deposition,  any

48493177.2

person present during the deposition who is not authorized to receive such information under Paragraph 5 below shall be excluded from that portion of the deposition.

5.      **Non-Disclosure of Confidential Information.**  Any document or thing designated as "CONFIDENTIAL" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firm(s);

b.      In-house counsel for Western Michigan University, and the administrative staff for such in-house counsel;

c.      Any named party in this Litigation who is an individual, and every director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this Litigation;

d.      Experts, consultants, or vendors (together with their clerical staff) retained by the respective parties or their counsel to assist in this case but only to the extent necessary to further the interest of the parties in this Litigation, and only after executing the agreement attached hereto as Exhibit A;

e.      A witness at any deposition or other proceeding in this case, except, as to any non-party witness, such disclosure must be reasonably necessary and the non-party witness must sign the agreement attached hereto as Exhibit A, and in the event the non-party witness refuses to sign the agreement attached hereto as Exhibit A, the parties shall meet and confer in a good faith to attempt to reach an agreement about the disclosure to the non-party

3

witness;

f.      Any court reporter or videographer employed in this Litigation;

g.      Any mediator or facilitator and their staff members;

h.      The authors or recipients of a document containing the Protected Material or a custodian or other person who otherwise knows the information sought to be protected;

i.      Mock trial/focus group participants provided they have signed the agreement attached hereto as Exhibit A; and

j.      This Court and its staff members.

6.      **Filing Under Seal.**  This Protective Order does not authorize the filing of any documents under seal.  Documents may be sealed only if authorized by statute, rule, or order of the Court pursuant to WD LCivR 10.6.

6.1      **Notice to Designating Party.**  If any party intends to include Confidential Information in any papers filed with the Court, the party intending to disclose the Confidential Information will advise the party who designated the information of that fact as soon as is practicable.  The parties shall meet and confer about whether the information can be filed, discussing such alternatives as redaction or whether the information indeed must be filed under seal, or whether it can be filed as any other information is filed with the court.  In the event that the parties are unable to reach an agreement on how to treat the information, then the party who has designated the information confidential shall immediately seek an order of Court allowing said Confidential Information to be filed under seal pursuant to the WD LCivR 10.6.  Pending the filing of a motion for an order allowing the information to be filed under seal, the party intending to file the information

4

shall delay the filing, so that the court may enter an appropriate order.  In the event the party who has designated the information confidential does not present a motion within three business days of the impasse, the party shall be deemed to have waived the claim that the information is confidential and that information may be filed as any other matter is filed, to-wit, on the court's public ECF docket.  Anything filed on the court's public ECF docket in accordance with the terms of this Order will no longer be considered Confidential Information and will no longer be subject to the terms of this Order.

7.    **Discovery from Third Parties.**  This Protective Order shall apply to discovery sought from persons or companies who are not parties to this Litigation.  Third parties may designate information produced as "CONFIDENTIAL."

8.    **Inadvertent Disclosure of Information.**

8.1    **Confidential Information.** If a party inadvertently fails to mark a document as "CONFIDENTIAL" for which it desires such treatment, it shall so inform the other party forthwith, but in no event later than 21 days following discovery of the inadvertent disclosure.  The non-producing party thereupon shall destroy and certify its destruction of the undesignated documents to the producing party and the producing party shall substitute properly marked documents.  No demonstration or proof of error, inadvertence, or excusable neglect by the designating person shall be required for such re-designation.

8.1.a. The inadvertent or unintentional disclosure by a party supplying confidential discovery material, regardless of whether such discovery material was designated as "CONFIDENTIAL," shall not be deemed a waiver in whole or in part of that party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or

5

unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure.

8.2     **Privileged Information.**  The production of privileged or work-product protected documents, ESI, or any other information ("Privileged Information"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of Privileged Information under this Order.

8.3     **Effect of Disclosure of Privileged Information.**  Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(e), the parties hereby agree to return, sequester, or destroy any Privileged Information disclosed or produced by a designating or producing party upon request.  If a party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the designating or producing party and sequester such information until instructions as to disposition are received.

9.      **Objections.**  Should any party object to a designation of any information, documents, or things as "CONFIDENTIAL," the parties shall, on an expedited basis, meet and confer in a good-faith attempt to reach an agreement regarding the status of the information, documents, or things.  The parties are strongly encouraged to resolve all such objections.  If an objection is not thereby resolved, the party claiming the "CONFIDENTIAL" designation shall move within three business days of any impasse in negotiations and shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Protective Order.  Until the Court makes such

6

determination, all material designated as "CONFIDENTIAL" shall be treated as such. If no timely motion is made, no party need treat the information as "CONFIDENTIAL."

10. **Miscellaneous.** Nothing in this Protective Order shall preclude any party or their attorneys from:

        a.    Showing materials designated as "CONFIDENTIAL" to an individual who either prepared or previously reviewed the document, or is shown by the document to have received the document;

        b.    Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "CONFIDENTIAL"; or

        c.    Using or showing materials designated as "CONFIDENTIAL" to a witness at a deposition, whether such witness is a party or nonparty, subject to the provisions of Paragraph 5 above.

11. **Subpoenas.** If a party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "CONFIDENTIAL" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

12. **Trial.** This Protective Order shall not govern proceedings at trial.

13. **Termination of Lawsuit.** All documents and things designated as "CONFIDENTIAL," and all copies and summaries thereof, shall to the extent reasonably practical either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply

48493177.2

to documents and things the Court determines are not confidential.  Outside litigation counsel for each party may keep a copy of all pleadings, deposition testimony and exhibits, and other documents filed with the Court for their files.

14.    **Survival.**  The terms of this Protective Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "CONFIDENTIAL" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

**SO ORDERED.**

Dated:  ___July 5, 2023___                          ___/s/ Paul L. Maloney___
                                                    Honorable Paul L. Maloney
                                                    United States District Court Judge

Respectfully submitted:

By: /s/ J. Robert Renner (w/ permission)          By: /s/ Andrew M. Pauwels
Michael E. Rosman                                 J. Michael Huget (P39150)
J. Robert Renner                                  Leonard M. Niehoff (P36695)
CENTER FOR INDIVIDUAL RIGHTS                       Andrew M. Pauwels (P79167)
11000 Connecticut Ave, NW, Ste. 625               HONIGMAN LLP
Washington, D.C. 20036                            315 E. Eisenhower Pkwy, Suite 100
(202) 833-8400                                    Ann Arbor, MI 48108
rosman@cir-usa.org                                (734) 418-4200
renner@cir-usa.org                                mhuget@honigman.com
                                                  lniehoff@honigman.com
David E. Bevins (P48955)                          apauwels@honigman.com
RHOADES MCKEE PC
55 Campau Avenue NW, Suite 300                    *Counsel for Defendants*
Grand Rapids, Michigan 49503
(616) 235-3500
debevins@rhoadesmckee.com

*Counsel for Plaintiff*

8

## **EXHIBIT A**

I, _____, declare as follows:

1.    I have read the Protective Order in the above captioned case.

2.    I promise that I will only use the documents and things designated as "CONFIDENTIAL" that are given to me for purposes of this lawsuit.

3.    I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL" with anyone other than the persons described in the Protective Order.

4.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Western District of Michigan with respect to enforcement of this Protective Order.

5.    I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL" or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____           _____

                                                   [Signature]